# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**SETH WESLEY BROWN**

**V.**

**CITY OF FLORENCE, ALABAMA**

**AND**

**GUY LAMBERT,**                        **CASE NO.:_____**
**INDIVIDUALLY AND IN HIS**
**OFFICIAL CAPACITY,**

**AND**

**ROBERT PITEO,**
**INDIVIDUALLY AND IN HIS**
**OFFICIAL CAPACITY,**

**AND**

**JOHNATHON GRIGSBY,**
**INDIVIDUALLY AND IN HIS**
**OFFICIAL CAPACITY,**

## COMPLAINT

Comes now the Plaintiff, Seth Wesley Brown, by and through his attorneys, Ashley Feltman and W. Brent Woodall, and files the following Complaint containing causes of action against the below named Defendants:

### PARTIES

1. Seth Wesley Brown ("Brown") is of legal age and a resident of Florence, Alabama.

2. Defendant City of Florence, Alabama ("Florence") is a municipality organized and existing under the laws of the State of Alabama.

3. Defendant Guy Lambert ("Lambert") was employed by Florence as a police officer with the Florence Police Department ("FPD"), a department of the Florence government, at all times relevant to the allegations in this complaint and is a resident and citizen of the State of Alabama. He is sued in his individual and official capacity.

4. Defendant Robert Piteo ("Piteo") was employed by Florence as a police officer with the FPD at all times relevant to the allegations in this complaint and is a resident and citizen of the State of Alabama. He is sued in his individual and official capacity.

5. Defendant Johnathon Grigsby ("Grigsby") was employed by Florence as a police officer with the FPD at all times relevant to the allegations in this complaint and is a resident and citizen of the State of Alabama. He is sued in his individual and official capacity.

## FACTS

6. On or about October 4, 2019, Brown attended an outdoor event known as First Fridays Florence in Florence.

7. While Brown was sitting on a public sidewalk during First Fridays Florence, Lambert approached him and asked Brown for his name without providing him a reason for doing so.

8. Following a brief conversation between Lambert and Brown, Lambert provided a reason for his having requested Brown's name, and Brown subsequently informed Lambert of his name.

9. At some point during the encounter between Lambert and Brown, Piteo and Grigsby joined Lambert, working with him during the remainder of the encounter.

10. Lambert stated that the name Brown had presented him was a lie and asked for identification, which Brown did not have.

11. Lambert directed Brown to stand up so Lambert could pat him down for weapons. At that time, Brown was holding a sandwich. Lambert began to make physical contact with Brown who asked that he be allowed to put his sandwich down.

12. Lambert violently forced Brown to the concrete sidewalk.

13. For several minutes Brown was held on the sidewalk while either Lambert, Piteo, or Grigsby placed his knee or foot on the side of Brown's face, pinning Brown to the ground.

14. As a result of the actions of Lambert, Piteo, and Grigsby, Brown suffered several physical injuries, including an injury to his head, an injury to his shoulder, several lacerations, and a chipped tooth. These injuries caused Brown pain and suffering.

15. In addition to the physical injuries he sustained, Brown also suffered psychological and mental anguish and lost wages.

16. The actions taken by Lambert, Piteo, and Grigsby were unnecessary.

17. During his employment with the FPD, Lambert has had to attend anger management classes.

## COUNT I
## 42 U.S.C. § 1983 – ILLEGAL SEIZURE

18. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

19. On or about October 4, 2019, Lambert, Piteo, and Grigsby, acting under color of law within the meaning of 42 U.S.C. § 1983, seized Brown without reasonable suspicion or probable cause, thereby depriving Brown of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Lambert, Piteo, and Grigsby specifically violated Brown's right to be free from unlawful seizure.

20.     Lambert, Piteo, and Grigsby acted with malice or reckless indifference to Brown's constitutional rights.

## COUNT II
## 42 U.S.C. § 1983 – UNLAWFUL SEARCH

21.     Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

22.     On or about October 4, 2019, Lambert, Piteo, and Grigsby, acting under color of law within the meaning of 42 U.S.C. § 1983, searched Brown's person without probable cause or reasonable suspicion. In so doing, Lambert, Piteo, and Grigsby deprived Brown of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Lambert, Piteo, and Grigsby specifically violated Brown's right to be free from unlawful searches.

23.     In depriving Brown of his constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, Lambert, Piteo, and Grigsby acted with malice or reckless indifference to his constitutional rights.

## COUNT III
## 42 U.S.C. § 1983 – EXCESSIVE FORCE

24.     Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

25.     On or about October 4, 2019, Lambert, Piteo, and Grigsby, acting under color of law within the meaning prescribed by 42 U.S.C. § 1983, assaulted and battered Brown. In so doing, Lambert, Piteo, and Grigsby Defendant did thereby deprive Brown of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.

Lambert, Piteo, and Grigsby specifically violated Brown's right to be free from excessive force.

26. In depriving Brown of his constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, Lambert, Piteo, and Grigsby acted with malice or reckless indifference to his constitutional rights.

27. As a result of the conduct of Defendant, Plaintiff has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

## COUNT IV
## STATE LAW – ILLEGAL SEARCH/ASSAULT

28. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

29. On or about October 4, 2019, Lambert, Piteo, and Grigsby searched Brown's person without a warrant and without probable cause or reasonable suspicion.

30. The conduct of Lambert, Piteo, and Grigsby was either negligent, wanton, malicious, willful, or in bad faith.

31. To the extent that the conduct of Lambert, Piteo, and Grigsby was negligent or careless, Defendant Florence is liable for their conduct, as they were acting within the line and scope of their employment with the City.

32. As a result of the conduct of Defendants, Plaintiff has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

## COUNT V
## STATE LAW – FALSE ARREST/FALSE IMPRISONMENT

33. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

34. On or about October 4, 2019, Lambert, Piteo, and Grigsby seized Brown without probable cause.

35. The conduct of Lambert, Piteo, and Grigsby was either negligent, wanton, malicious, willful, or in bad faith.

36. To the extent that the conduct of Lambert, Piteo, and Grigsby was negligent or careless, Defendant Florence is liable for their conduct, as they were acting within the line and scope of their employment with the City.

37. As a result of the conduct of Defendants, Brown has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

## COUNT VI
## STATE LAW – ASSAULT AND BATTERY/EXCESSIVE FORCE

38. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

39. On or about October 4, 2019, Lambert, Piteo, and Grigsby assaulted and battered and used excessive force on Plaintiff.

40. This assault and battery and excessive use of force was either negligent, wanton, malicious, willful, or in bad faith.

41. To the extent that Lambert, Piteo, and Grigsby's assault and battery of and use of excessive force on Brown was negligent and not intentional, Defendant Florence is liable for their conduct, as they were acting within the line and scope of their employment with Florence.

42. As a result of the conduct of the Defendants, Brown has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

## COUNT VII
### NEGLIGENT AND/OR WANTON HIRING, RETENTION, TRAINING, AND SUPERVISION

43. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

44. This is a claim against Defendant Florence arising from the laws of the State of Alabama to redress the negligent and/or wanton hiring, training, supervision, and/or retention of Defendant Lambert.

45. Defendant Florence owed a duty of care to those individuals who may come in contact with the Florence Police Department employees, including Brown, with respect to the hiring, training, supervision, and retention of its employees.

46. Defendant Florence knew, or should have known, of Defendant Lambert's conduct.

47. Defendant Florence negligently supervised, trained, and/or retained Defendant Lambert.

48. Defendant Florence failed to protect Brown from the illegal treatment described in this Complaint.

49. Defendant Florence breached its duty of care owed to Brown with respect to its hiring, training, supervision, and/or retention of Lambert.

50. As the result of Florence breaching its duty of care owed to Brown, Brown was injured.

## OTHER MATTERS

51. Within 90 days of the occurrence that is the basis of this complaint, Brown issued a Notice of Intent to Sue/Statement of Claim to Florence, in which he included all necessary details.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Brown respectfully prays for the following relief:

52. That he be awarded such compensatory damages as a jury shall determine from the evidence he is entitled to recover.

53. That he be awarded against the individual defendants only such punitive damages as a jury shall determine from the evidence he is entitled to recover.

54. That he be awarded prejudgment and postjudgment interest at the highest rates allowed by law.

55. That he be awarded the costs of this action, his reasonable attorney's fees, and his reasonable expert witness fees.

56. That he be awarded such other and further relief to which he is justly entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to all issues raised herein.

Respectfully submitted this the 6th day of May, 2020.

*s/ Ashley Feltman*
**ASHLEY FELTMAN (FEL017)**

*s/ W. Brent Woodall*
**W. BRENT WOODALL (WOO103)**
Attorneys for Plaintiff
121-B South Court Street
Florence, Alabama 35630
(256) 349-2507          (256) 349-2811 FAX

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing instrument upon party(s) to this action via electronic filing this the 6th day of May, 2020.

                                                /s/ Ashley Feltman
                                             **ASHLEY FELTMAN**